**Aaron Shaun HARPER,
Plaintiff–Appellant,**

v.

**Denise L. HARMON, Supervising Cook; et al., Defendants–Appellees.**

No. 08–16547.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2012.*

Filed April 26, 2012.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Aaron Shaun Harper, Ione, CA, pro se.

Marta Barlow, Kelli Hammond, Esquire, Deputy Attorney Generals, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: LEAVY, PAEZ, and BEA, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Aaron Shaun Harper, a California state prisoner, appeals pro se from the district court's judgement as a matter of law in his 42 U.S.C. § 1983 action alleging violations of his constitutional rights arising from a prison disciplinary proceeding. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Summers v. Delta Air Lines, Inc.*, 508 F.3d 923, 926 (9th Cir. 2007), and we affirm.

■ The district court properly entered judgment as a matter of law on Harper's claim that his confinement in administrative segregation on false charges violated his due process rights. *See Sandin v. Conner*, 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) ("discipline in segregated confinement did not present the type of atypical, significant deprivation" required to create a liberty interest); *see also Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir.2003) (procedural protections apply to disciplinary proceedings "only when the disciplinary action implicates a protected liberty interest"). Even assuming that there was a liberty interest at stake, the evidence showed that prison officials afforded Harper with all the process that he was due. *See Wolff v. McDonnell*, 418 U.S. 539, 563–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (setting forth due process requirements in prison disciplinary proceedings).

■ The district court did not abuse its discretion by failing to grant a continuance sua sponte when one of Harper's witnesses was medically unavailable at trial, particularly where Harper did not show that he suffered prejudice. *See United States v. Orlando*, 553 F.3d 1235, 1237 (9th Cir. 2009) (reviewing for an abuse of discretion

ed by 9th Cir. R. 36–3.

784

the decision to grant or deny a continuance, "even where, as here, no motion for continuance was made"); *United States v. Flynt,* 756 F.2d 1352, 1359 & n. 7 (9th Cir.1985) (setting forth factors to consider in reviewing denials of requests for continuances).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.